UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEBASTIAN-DIOR HARTSFIELD, and CARMEN-MICHELLE HARTSFIELD,<br><br>    Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2, et al.,<br><br>    Defendants. | No. 21 C 4360<br><br>Judge Sara L. Ellis |

## ORDER

The Court dismisses Plaintiffs' federal claims with prejudice for failure to state a claim and declines to exercise supplemental jurisdiction over any state law claims, which the Court dismisses without prejudice to refiling in state court. The Court terminates this case. See Statement.

## STATEMENT

Plaintiffs Sebastian-Dior Hartsfield and Carmen-Michell Hartsfield initially filed this case against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), several mortgage servicing companies and their employees, a law firm and its managing attorney, and an asset management company and its employee. Plaintiffs' initial complaint attempted to raise claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* The claims allegedly arose from Defendants' attempts to collect a debt related to Plaintiffs' parents' property in Sauk Village, Illinois through a foreclosure proceeding in state court. Plaintiffs also filed applications to proceed *in forma pauperis* ("IFP"). Reviewing the complaint and their request to proceed IFP, the Court denied the IFP applications and dismissed the case without prejudice for failure to state a claim. Doc. 8. Plaintiffs have filed an amended complaint, which the Court reviews to determine whether they can proceed with the case.

As stated in its prior order, courts screen *pro se* plaintiffs' claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Holland v. Lake Cnty. Mun. Gov't*, 605 F. App'x 579, 580 (7th Cir. 2015). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (internal quotation marks omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

In the amended complaint, Plaintiffs name as Defendants Deutsche Bank, Jim Della Sala, Russell Wirbicki, the Wirbicki Law Group, William P Butcher, the State of Illinois, Michael Lewis Nixon, Margaret Jean Cocozza, PHH Mortgage Services/Ocwen Financial Corp., Glenn Messina, NewRez Mortgage Company, Bruce J. Williams, Guardian Asset Management, and Ernie Stefkovic. They seek to proceed under 42 U.S.C. § 1983, alleging that Defendants deprived them of their civil rights and due process, as well as on state law claims for conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, breach of contract, and obstruction of justice.

Initially, as the Court previously noted, Plaintiffs' filings invoke sovereign citizen theories. Followers of the sovereign citizen movement "believe they have special common law rights that cannot be infringed by the government." *Szach v. Vill. of Lindenhurst*, No. 14 C 7441, 2015 WL 3964237, at *5 (N.D. Ill. June 25, 2015). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Seventh Circuit has thus directed that arguments based on a sovereign citizen theory "should be rejected summarily, however they are presented." *Id.* To the extent Plaintiffs maintain that Defendants violated their rights because Plaintiffs are beyond the jurisdiction of the court systems, they cannot proceed on such claims.

As for Plaintiffs' § 1983 claims, "a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (citation omitted). Plaintiffs name the State of Illinois, two state court judges, and a number of private actors as Defendants. First, the Eleventh Amendment bars suits brought against a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Sovereign immunity does not apply where the state consents to suit or federal legislation abrogates the immunity pursuant to a constitutional grant of authority. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Section 1983 does not abrogate state sovereign immunity and does not allow claims against the State or state agencies. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 58 (1989); *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907, 910 n.7 (7th Cir. 1991). Thus, in addition to the fact that Plaintiffs do not explain the basis for their claims against the State, sovereign immunity bars Plaintiffs from proceeding against the State on any § 1983 claims.

Further, judges are absolutely immune from suit for "acts performed by the judge in the judge's *judicial capacity*." *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (citation omitted) (internal quotation marks omitted); *see also Pierson v. Ray*, 386 U.S. 547 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted) (internal quotation marks omitted). Plaintiffs' allegations do not suggest that the state court judges acted "in the clear absence of all jurisdiction," *id.*, and so judicial immunity precludes Plaintiffs from bringing claims against them.

As for the private actors, "[m]erely private conduct, no matter how discriminatory or wrongful," cannot lead to § 1983 liability. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted). "A private citizen can act under color of law if there is 'evidence of a concerted effort between a state actor and that individual.'" *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citation omitted). To establish § 1983 liability for a private actor under this theory, "a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Brokaw*, 235 F.3d at 1016 (citation omitted). "It is not sufficient to allege that the (private and state) defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980) (citation omitted). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Spiegel*, 916 F.3d at 616 (citation omitted). Allegations must instead "be supported by some factual allegations suggesting such a 'meeting of the minds.'" *Tarkowski*, 644 F.2d at 1206 (citation omitted). Circumstantial evidence can establish a conspiracy, but speculation cannot. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Here, Plaintiffs' allegations do not adequately allege that the private actors engaged in a conspiracy with state actors to deprive Plaintiffs of their constitutional rights, meaning they have not stated a § 1983 claim against them.

Therefore, Plaintiffs have not alleged a federal claim against any of the named Defendants. Because the Court previously granted Plaintiffs leave to amend their complaint, the Court dismisses Plaintiffs' federal claims with prejudice. And because the Court cannot discern a basis for allowing Plaintiffs to proceed in federal court on the remaining state law claims, the Court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

Date: September 12, 2022 /s/ Sara L. Ellis